a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOSEPH LEBLANC #534763, Plaintiff | CIVIL DOCKET NO. 1:23-CV-00263 SEC P |
| VERSUS | JUDGE DRELL |
| RAYMOND LABORDE CORRECTIONAL CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Joseph Leblanc ("Leblanc"). Leblanc is an inmate at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He names as Defendants RLCC, Captain Green, Lt. Ford, Sgt. Seigg, Sgt. Pate, Keon James, Lt. Colonel Broussard, Warden Gremillion, Deputy Warden Turner, Marcus Myers, Annie Ferguson, Secretary Susan, and Joseph Hecks. Leblanc alleges that Defendants failed to protect him from an attack by another inmate and failed to provide him with adequate medical care.

Because additional information is needed to support his claim, Leblanc must AMEND the Complaint.

I. Background

Leblanc alleges that Colonel James authorized a transfer of him and another inmate to a different cell and tier. Sgt. Seigg restrained Leblanc for the transfer and

1

placed him in the new cell with an unrestrained inmate. ECF No. 1 at 3. Leblanc asserts that the cellmate began to attack him with a sock containing batteries. Leblanc could not defend himself due to his restraints. *Id.* Sgt. Seigg began to call for other officers and ordered that the cell be opened. Captain Green, Lt. Ford, Sgt. Pate, and Sgt Hennigan entered the cell and pulled the cellmate off Leblanc. *Id.*

The assailant was removed from the cell and Nurse Ferguson was called in to check Leblanc, who remained restrained. *Id.* Leblanc alleges that Nurse Ferguson inaccurately recorded that he had no injuries. *Id.* His head and jaw were swollen from the attack. Leblanc states that he made several sick calls, which were ignored by Lauren Dyer and Sasha Williams. *Id.* at 4.

Leblanc received a disciplinary report, but the charges were dismissed. Col. James and Lt. Col. Broussard claimed to have no knowledge of the incident, but the report stated otherwise. *Id.*

Leblanc states that the Warden's Secretary, Ms. Susan, lied to his family claiming that the incident was a "simple fight", and that Leblanc was uninjured. Leblanc also claims that he wrote letters to Warden Gremillion, Deputy Warden Turner, and Warden Myers, which were unanswered. *Id.*

II. <u>Law and Analysis</u>

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Rule 8 pleading standard does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state viable claim for the violation of the Eighth Amendment's proscription against cruel and unusual punishment by the denial of medical care, a prisoner must allege that defendants acted with "deliberate indifference" to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citation omitted). An inmate must show that prison personnel "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evidence a wanton disregard for any serious medical needs." *Domino v. Tex. Dep't Crim. J.*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Leblanc states that his request for medical care were ignored by Lauren Dyer and Sasha Williams. He must amend his Complaint to state:

(1) every date on which he requested medical care and to whom each request was made;

(2) what response he received to each request for medical care by each individual;

(3) whether he was ever examined by any medical staff and what treatment or medications were provided; and

3

> (4) what injury he suffered because of the alleged denial of care by Dyer and Williams.

To the extent Leblanc claims that any individual failed to protect him from an attack by another inmate, he must plead additional information. Although prison officials have a constitutional duty to protect prisoners from violence at the hands of fellow inmates, prison officials are not expected to prevent all inmate-on-inmate violence. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 834 (1994). Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. *See id.* A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *Id.* at 837. A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.* In other words, to be deliberately indifferent, a prison official must be subjectively aware of the risk. *Id.* at 839-40.

Leblanc must explain how each named Defendant acted with deliberate indifference and failed to protect him. He should provide facts indicating whether each Defendant had knowledge that he faced a substantial risk of harm by the cellmate that attacked him. He must also explain what injuries he suffered as a result of the attack.

III.     Conclusion

Because Leblanc must provide additional information to support his claim, IT IS ORDERED that he file an AMENDED COMPLAINT within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure.

SIGNED on Friday, April 14, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE